# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTONIO JUAN GARCIA,<br><br>    Defendant. | No. CR15-4063-MWB<br><br>***REPORT AND RECOMMENDATION<br>ON MOTION TO DISMISS*** |

Defendant Antonio Juan Garcia (Garcia) has filed a motion (Doc. No. 11) to dismiss the indictment on grounds that its allegations fail to establish the court's jurisdiction and/or to state an offense. Plaintiff (the Government) has filed a resistance (Doc. No. 12). Pursuant to Judge Bennett's trial-setting order, the motion has been referred to me for preparation of a report and recommended disposition. Doc. No. 6 at 2 (Section IV(A)). Neither party requests oral argument. Moreover, I find that oral argument is not necessary and would cause undue delay. *See* N.D. Ia. L.R. 7(c). The motion is fully submitted and ready for decision.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2015, the Grand Jury returned an indictment (Doc. No. 2) charging Garcia with a single offense – escape from custody in violation of 18 U.S.C. § 751(a). The indictment alleges the following facts:

> On or about September 11, 2015, in the Northern District of Iowa, [Garcia] did knowingly escape from custody in the Dismas Charities Residential Center in Sioux City, Iowa, an institution or facility in which he was lawfully confined under the laws of the United States pursuant to court order by virtue of a judgment and commitment of the United States District Court for the Northern District of Iowa upon conviction for conspiracy to

distribute methamphetamine and possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a) (1), 841(b)(1)(A), 841(b)(1)(B), and 846.

Doc. No. 2 at 1. Garcia has entered a plea of not guilty. Doc. No. 5. His trial is scheduled to begin January 4, 2016.

## II. GARCIA'S MOTION

Garcia's motion is based on Federal Rules of Criminal Procedure 12(b)(2) and 12(b)(3)(B)(v) which state, in relevant part:

**(b) Pretrial Motions.**

\* \* \*

**(2) Motions That May Be Made at Any Time.** A motion that the court lacks jurisdiction may be made at any time while the case is pending.

**(3) Motions That Must Be Made Before Trial.** The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

\* \* \*

(B) a defect in the indictment or information, including:
\* \* \*
(v) failure to state an offense;

Fed. R. Crim. P. 12(b). Garcia does not make separate arguments concerning this court's jurisdiction and the indictment's alleged failure to state an offense. Instead, he argues that even if the allegations in the indictment are accepted as true, no violation of Section 751(a) occurred because leaving a residential reentry facility in violation of a condition of supervised release does not constitute an "escape" from "custody" within

the meaning of the statute. Garcia acknowledges that in *United States v. Goad*, 788 F.3d 873 (8th Cir. 2015), the Eighth Circuit Court of Appeals rejected this precise argument and held that "a defendant's unauthorized departure from his residential reentry facility, in violation of both the rules of the facility and the terms of his supervised release, constitute[s] escape from 'custody' within § 751(a)." *Id.* at 876. However, Garcia notes both (a) that his argument is consistent with the holding of the Ninth Circuit Court of Appeals in *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012), and (b) that the United States Supreme Court is considering the defendant's Petition for Certiorari in *Goad*. Thus, Garcia filed his motion to preserve the issue. Doc. No. 11-1 at 2-3.

### III. DISCUSSION

#### A. *Rule 12(b)(2) – Does This Court Have Subject Matter Jurisdiction?*

"The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Here, the Grand Jury returned an indictment against Garcia based on an alleged violation of 18 U.S.C. § 751(a), a federal criminal statute. Doc. No. 2. I do not construe Garcia's motion to argue that this court generally lacks subject matter jurisdiction over charges brought pursuant to Section 751(a). Instead, Garcia contends that this court lacks jurisdiction because the indictment does not describe an offense against the laws of the United States. Thus, Garcia's Rule 12(b)(2) argument depends on the outcome of his Rule 12(b)(3)(B)(v) argument. If the indictment states an offense under Section 751(a), then this court has subject matter jurisdiction. If not, then the indictment must be dismissed under both Rule 12(b)(2) and Rule 12(b)(3)(B)(v).

**B.  Rule 12(b)(3)(B)(v) – Does The Indictment State An Offense Against Garcia?**

   **1.  Applicable Standards**

An indictment is normally sufficient unless no reasonable construction can be said to charge the offense.  *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995).  This means an indictment will survive a motion to dismiss "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution."  *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001).  In reviewing the sufficiency of an indictment, the court must accept the Government's allegations as true.  *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).  Thus, the issue is whether the indictment's allegations against Garcia, when accepted as true, state a violation of Section 751(a).

   **2.  Analysis**

Section 751(a) reads as follows:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both..

18 U.S.C. § 751(a).  In *Goad*, the Eighth Circuit explained and disposed of the defendant's argument as follows:

> Goad's appeal raises a straightforward question of statutory interpretation: whether "residency in a residential reentry center as a condition of supervised release constitutes 'custody' under § 751(a)."
>
> \* \* \*
>
> "[A] person may be in custody for purposes of § 751(a) even though the physical restraints upon him are minimal and even though the custody be deemed constructive, rather than actual." *United States v. Cluck*, 542 F.2d 728, 736 (8th Cir. 1976). And "it is not necessary … that the escape be from a conventional penal housing unit such as a cell or cell block." *Id*. at 731. "Specifically, the escape may be from a hospital," *id.*, or a pre-release "halfway house," *McCullough v. United States*, 369 F.2d 548, 549–50 (8th Cir. 1966), "in which the escapee was properly confined," *Cluck*, 542 F.2d at 731. *See also United States v. Sack*, 379 F.3d 1177, 1179–80 (10th Cir. 2004) (holding pretrial detainee's court-ordered residency at a halfway house was "custody" under § 751(a)); *United States v. Rudinsky*, 439 F.2d 1074, 1076–77 (6th Cir. 1971) ("[I]t is apparent that the Treatment Center's restrictions [on a pre-release detainee] deprived [the detainee] of his freedom of movement and association. He was therefore in custody within the purview of 18 U.S.C. § 751." (citing *McCullough*, 369 F.2d 548)).
>
> \* \* \*
>
> We are unmoved by Goad's attempt to contrast the conditions of his residency with those of a prison or jail. His conditions were no less custodial than those in *Cluck* and *McCullough*. It is enough that (1) Goad was court-ordered to reside for 120 days at the Hinzman Center and obey its rules; (2) the Hinzman Center prohibited departures without authorization; and (3) Goad left early without obtaining authorization and failed to return.

788 F.3d at 874-76. As noted above, Garcia acknowledges that his argument is contrary to the holding of *Goad* and that he has filed his motion solely to preserve error. Doc. No. 11-1 at 2-3. However, Garcia also argues that certain prior Supreme Court

5

decisions are more consistent with the Ninth Circuit's holding in *Burke* than with the Eighth Circuit's holding in *Goad*. *Id.* at 3 (citing *United States v. Bailey*, 444 U.S. 394 (1980) and *United States v. Johnson*, 529 U.S. 53, 56-57 (2000)). Having carefully reviewed *Bailey* and *Johnson*, I do not find *Goad* to be in direct conflict with the holding of either case. As such, *Goad* is binding precedent in this circuit.

Here, the indictment alleges that on or about September 11, 2015, "[Garcia] did knowingly escape from custody in the Dismas Charities Residential Center in Sioux City, Iowa, an institution or facility in which he was lawfully confined under the laws of the United States pursuant to court order by virtue of a judgment and commitment of the United States District Court for the Northern District of Iowa . . . ." Pursuant to *Goad,* these allegations are sufficient to state the offense of escape from custody in violation of 18 U.S.C. § 751(a). Because the indictment states an offense, this court has jurisdiction over this matter. As such, I must recommend that Garcia's motion be denied.

## IV. *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that defendant Antonio Juan Garcia's motion (Doc. No. 11) to dismiss the indictment be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 1st day of December, 2015.

                                                                                     _____
                                                                                  LEONARD T. STRAND
                                                                                  UNITED STATES MAGISTRATE JUDGE