# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>ANTONIO JUAN GARCIA,<br><br>Defendant. | No. CR15-4063-MWB<br><br>MEMORANDUM OPINION AND ORDER MAGISTRATE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS |

_____

## I.     INTRODUCTION AND BACKGROUND

This case is before me on United States Magistrate Judge Leonard T. Strand's Report And Recommendation on defendant Antonio Juan Garcia's Motion to Dismiss (docket no. 13). In his Report and Recommendation, Judge Strand recommends denying Garcia's motion. I, therefore, undertake the necessary review of Judge Strand's Report and Recommendation.

On October 22, 2015, an Indictment was returned charging Garcia with escape from custody in violation of 18 U.S.C. § 751(a). Specifically, the Indictment alleges that Garcia escaped from the Dismas Charities Residential Center in Sioux City, Iowa, on October 22, 2015. Garcia subsequently filed a Motion To Dismiss for Lack of Jurisdiction/Failing to State an Offense (docket no. 11). In his motion, Garcia contends that no violation of § 751(a) occurred, as a matter of law, because leaving a residential reentry facility in violation of a condition of supervised release cannot constitute an escape from custody.

The prosecution filed a timely resistance to Garcia's motion. Garcia's motion was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand filed a Report and Recommendation in which he recommends that Garcia's motion be denied. In his Report and Recommendation, Judge Strand noted that, in *United States v. Goad*, 788 F.3d 873 (8th Cir.), *petition for cert. filed*, (U.S. Oct. 1, 2015) (No. 15-6450), the Eighth Circuit Court of Appeals rejected this precise argument and held that "a defendant's unauthorized departure from his residential reentry facility, in violation of both the rules of the facility and the terms of his supervised release, constitute[s] escape from 'custody' within § 751(a)."[1] *Id.* at 876. Judge Strand concluded that the *Goad* decision was binding precedent in this circuit, and, as a result, the Indictment states an offense. Finally, Judge Strand found that, because the Indictment stated an offense under § 751(a), then this court has subject matter jurisdiction. Garcia has filed an objection to Judge Strand's Report and Recommendation.

## II.     LEGAL ANALYSIS

### A.     *Standards Of Review*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by

---

[1] Garcia relies on the Ninth Circuit Court of Appeals's decision in *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012).

> the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

As noted above, Garcia has filed an objection to Judge Strand's Report and Recommendation. I, therefore, undertake the necessary review of Judge Strand's recommended disposition of Garcia's Motion to Dismiss.

## B. Garcia's Objection

Garcia objects to Judge Strand's conclusion that the *Goad* decision was binding precedent in this circuit, and, as a result, Garcia's alleged escape from the Dismas Charities Residential Center, in violation of the terms of his supervised release, would constitute an escape from custody within § 751(a).[2] Garcia acknowledges that the issue "appears to have been settled by the Eighth Circuit in *USA v. Goad*, 788 F.3d 873 (8th Cir. 2015)" but that he, nonetheless, objects in order to preserve the issue for further review.[3] Garcia's Br. at 2.

---

[2]Section 751(a) states:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 751(a).

[3]Garcia notes that there is a split in the circuits on the issue and a petition for *certiorari* in the *Goad* case is pending before the United States Supreme Court. The Ninth Circuit Court of Appeals reached the opposite conclusion of the Eighth Circuit

As Judge Strand pointed out in his Report and Recommendation, in its *Goad* decision, the Eighth Circuit Court of Appeals, joining the Second Circuit Court of Appeals and the Tenth Circuit Court of Appeals, held that the defendant was in "custody" at a residential reentry center, such that the defendant's unauthorized departure from it constituted escape from custody within § 751(a). *Goad*, 788 F.3d at 786. Judge Strand correctly determined that the *Goad* decision was binding precedent in this circuit and, under that decision, the Indictment sufficiently sets out the elements of the offense charged, putting Garcia on fair notice of the charge against which he must defend. Therefore, Garcia's objection is denied.

### III. CONCLUSION

Therefore, for the reasons discussed above, I, upon a *de novo* review of the record, accept Judge Strand's Report and Recommendation and deny defendant Garcia's Motion To Dismiss for Lack of Jurisdiction/Failing to State an Offense.

**IT IS SO ORDERED**.

**DATED** this 11th day of December, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

Court of Appeals, holding that a defendant who had completed his imprisonment and was residing at a halfway house as a condition of supervised release was not in "custody" as required by § 751(a). *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012).